**FILED - GR**
November 16, 2022 4:26 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:JMW  SCANNED BY: /KB/ 11·17

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DAVID ANGEL SIFUENTES III,   CASE NO.
      Plaintiff,   HONORABLE: **1:22-cv-1072**
                                                               Robert J. Jonker
V.                                        U.S. District Judge

CHEGG INC,
      Defendant.   DEMAND FOR JURY TRIAL
                              /

## COMPLAINT AND DEMAND FOR JURY TRIAL

    Now comes, the Plaintiff David Angel Sifuentes III, In Pro Se and submits his complaint seeking relief for identity, personal information being exposed and stolen from a data breach from Chegg inc., which Sifuentes has standing to bring this complaint. *See In re Zappos.com, Inc., 884 F.3d 893 (9th Cir. 2018), Galaria v. Nationwide Mutual Insurance Co. No., 663 F.App'x 384 (6th Cir. 2016),* invasion of privacy by public disclosure of private facts, negligence, careless security, negligent and or intentional infliction of emotional distress, conversion (use of information without permission) breach of bailment, failure to promptly notify of the breach and provide security measures and protection to Sifuentes for the breach, and risk of future injury, and violation of the Fair Credit Reporting Act (hereinafter (FCRA)) and Fair and Accurate Credit Transactions Act of 2003 (FACTA)., fraud by covering up the breach and not ever notifying Sifuentes, also the Michigan Consumers Protection Act. Sifuentes is seeking damages of $175,000.00 and punitive damages of $60,000,000.00

    Sifuentes ask this Court to liberally construe his pleadings, legal documents, arguments and not fault him for not citing are applying the correct case law, statute and applicable laws under *Haines v. Kerner, 404 U.S. 519 (1972).* Pro se litigants can be excused from full compliance with technical procedural rule, provided there is substantial compliance. *Norefleet v. Walker, 684 F.3d 688 (7th Cir. 2012).* Court and staff have a special responsibility to scrutinize carefully pro se complaints. *Chapman v. Kleindienst, 507 F.2d 1246, 1253 (7th Cir. 1974)* (district court has responsibility for finding hidden jury demands in the middle of complaints). ). A court must

accept all allegations of well-plead factual allegations as true, *League Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007)*, and factual allegations alone is what matters. *Albert v. Carovano, 851 F.2d 561, 571 n.3 (2nd Cir. 1988)*.

## *Jurisdiction*

This court has ***both personal and diversity jurisdiction*** under this complaint, This court has jurisdiction diversity Jurisdiction as Chegg Inc. is a cooperation head quartered in Santa Clara, California and therefore the parties are different citizens and this court has jurisdiction of all civil matters as the damages are more than $75,000 28 U.S.C. § 1332. Sifuentes is seeking damages of $175,000.00 and punitive damages of $60,000,000.00, which can also be added for jurisdictional purposes. *Hayes v. Equitable Energy Res. Co., 226 F3d 560 (6th Cir. 2001)*. This Court also has supplemental jurisdiction under 28 U.S.C. § 1367 of Sifuentes state law claims. This court also has personal jurisdiction under the "minimum contacts" rule as Sifuentes received services and goods from Chegg in Michigan. Pursuant to MCL 600.711, a Michigan court may exercise general personal jurisdiction over a defendant-corporation if: (1) it is incorporated under the laws of Michigan; (2) the defendant has consented to personal jurisdiction in Michigan; or (3) the corporation "carr[ies] on… a continuous and systematic part of its general business within the state."

Michigan's long-arm statute "has been construed as conferring on the state courts the maximum scope of personal jurisdiction consistent with due process." *Amway Corporation v. Kope Food Products, Inc., 840 F. Supp. 78, 80 (W.D. Mich. 1993)*. The exercise of limited jurisdiction "occurs where 'a State exercises jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum.'" *Kmart Corp. v. Key Industries, Inc., 877 F. Supp. 1048, 1051 (E.D. Mich. 1994), quoting Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 n. 9 (1984)*. Michigan extends limited jurisdiction over nonresident corporations pursuant to MCL § 600.715. Pursuant to Michigan's Long Arm Statute, MCL 600.715, "a sufficient basis of jurisdiction to enable a court of record of this state to exercise limited personal jurisdiction" exists when a corporation's acts "create any of the following relationships: (1)[t]he transaction of any business within the state" or "(2) [t]he doing or causing an act to be done, or consequences to occur, in the state resulting in an action for tort." In interpreting MCL 600.715,

the Michigan Supreme Court has held that "[t]he word 'any' means just what it says. It includes 'each' and 'every.' It comprehends 'the slightest.'" *Sifers v Horen 385 Mich 195, 199 n 2, 188 NW2d 623 (1971).*

## *Complaint*

1. On or about November 2020 Sifuentes found that he was a victim of a data breach from Chegg Firefox and from credit karma (See Exhibit "A") notifying him that his personal information had been compromised since 2018. Chegg never informed Sifuentes of this breach. Sifuentes notified Chegg by email around November 2, 2022 (Exhibit B) asking about the situation and requesting why he was not notified Chegg did not provide proof of any measures taken to promptly notify and protect Sifuentes personal information along with may other users, just stating that they took measures.

2. Sifuentes has suffered invasion of privacy by public disclosure of private facts where his personal information has been exposed and stolen and taken without him knowing and without permission. Sifuentes has indeed suffered concrete injury in fact, due to the exposure of his personal information. *TransUnion v. Ramirez, 141 S.Ct. 2190 (2021).*

3. Sifuentes is going through negligent and intentional infliction of emotional distress as his personal information has been stolen for nearly two years plenty of time for hackers and cyber criminals to cause harm. In fact, cyber criminals have access to Sifuentes accounts such as Spotify, Netflix which hackers from India and even Canada have access his Spotify account and even his PayPal account, which is a bank account. Also Sifuentes filed a Identity theft Report with the Federal Trade Commission (Exhibit C). Due to the breach, Sifuentes now wastes his time always switching his password making calls to Netflix and wasting time and resources to protect his personal information. This is stressful and Sifuentes is scared as hackers can commit crimes with his personal information and the Spotify account has access to even more personal information of

Sifuentes such a his Facebook account, PayPal and credit card information. Sifuentes information is also on the dark web.

4. Bailment, failure to promptly notify of the breach and provide security measures and protection to Sifuentes for the breach.

5. Risk of future and ongoing injury.

6. Violation of the (FCRA) and (FACTA) by not notifying the credit bureaus of the breach also not taking measures to provide Sifuentes with paid services for identity monitoring, security freezes, compensation for defective customer support and care and the investigation report concerning the breach upon his written request. Chegg store financial records and use of customers bank accounts and cards, they are operating as a financial institution subject to FCRA requirements and bank regulations under 15 U.S.C. § 1681.

7. Sifuentes is seeking $175,000.00 for actual damages for injuries caused by both negligent and intentional infliction of emotional distress such as being very mad, and sacred, worried, nervous and has trouble sleeping and scared of what else hackers whole stole his information will do as they keep accessing his accounts and his information is in the dark web., also bank account opened under his name.

8. Sifuentes seeks $60,000,000.00 in exemplary, economic and non-economic damages, compensatory and punitive damages injunctive and declaratory relief as this is calculated from the fines and penalties associated from companies concealing data breaches from victims such as the Equifax data breach which settled for $575,000,000 for failing to take action with data breach protocols.

9. Chegg is in violation of the Michigan Consumer Protection Act for deceptive practices by covering up the breach and not notifying him of the breach.

10. Sifuentes is at risk of "present and future retaliation" of Chegg by possibly seeking to knowing and intentionally violate any court rules in order to slander or defame, libel, degrade and put down, knowingly throwing in and use inadmissible evidence with the court for the purpose of seeking and getting him to look bad before the Court against Sifuentes character in any way and or refusing to do business for Sifuentes asserting his concerns.

11. Sifuentes also claims the doctrine of unclean hands, as he is acting in good faith and Chegg is acting in bad faith by covering up the data breach.

## RELIEF REQUESTED

**WHEREFORE,** Sifuentes **PRAYS** that this Honorable court grant relief as follows:

Award Sifuentes $175,000.00 in actual damages for negligent and intentional infliction of ongoing emotional distress for being mad upset and under stress and $60,000,000.00 in exemplary, compensatory and punitive damages injunctive and declaratory relief, or in the alternative Award $125,000.00 in actual damages and that Chegg provide Sifuentes with 5 years of LifeLock to help clean and restore Sifuentes identity.

Respectfully submitted,

By: _____
Plaintiff In Pro Se
David Angel Sifuentes III
439 More St. NE
Grand Rapids, MI 49503
(616)283-5215
davidsifuentes61@yahoo.com

DATED: November 15, 2022